

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
### U.S. COURTHOUSE
### 402 E. STATE STREET
### TRENTON, NEW JERSEY 08608

**Hon. Michael B. Kaplan**                                            609-858-9360
**Chief Judge, United States Bankruptcy Court**

April 10, 2023

*Counsel for Debtor*

Lynn Z. Smith
294A Malvern Court East
Lakewood, NJ 08701
*Self-Represented Debtor*

Andrea Dobin, Esq.
McManimon, Scotland & Baumann, LLC
427 Riverview Plaza
Trenton, NJ 08611
*Chapter 7 Trustee*

                       Re:    <u>In re Lynn Z. Smith</u>
                                Case No.: 17-34862

Dear Mrs. Smith and Counsel,

      Presently before the Court is Debtor's Motion for Reconsideration (the "Motion," ECF No. 547) of an Order Modifying the New Jersey Bureau of Securities' claim (the "Modification Order," ECF No. 543). At its core, Debtor's Motion is not a challenge to the modification or

reclassification of the Bureau's claim.[1] Rather, it is a request that this Court reevaluate the validity of the claim altogether. As the Chapter 7 Trustee points out, the relief sought by Debtor cannot be achieved via a Motion for Reconsideration of the Modification Order. Moreover, throughout this bankruptcy case, the Debtor has made—and this Court has addressed—similar requests. The Court denied those requests based on the *Rooker-Feldman* doctrine. The Court stands by its prior rulings and takes this opportunity to provide further clarification.

In her initial Reply pleading (ECF No. 551), Debtor—as she has done in the past—challenges the applicability of the *Rooker-Feldman* doctrine. This doctrine—whose name is derived from two Supreme Court cases—precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). The Supreme Court has clarified that the doctrine applies in only a narrow set of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005). The Third Circuit has adopted a four-part test for determining whether a claim is subject to dismissal under the *Rooker–Feldman* doctrine:

> (1) the federal plaintiff lost in state court;
> (2) the federal plaintiff complains of injuries caused by the state-court judgments;
> (3) those judgments were rendered before the federal suit was filed; and,
> (4) the federal plaintiff is inviting the federal court to review and reject the state-court judgments.

---

[1] The Court need not address the standards for reconsideration inasmuch as the thrust of Debtor's motion is her desire to relitigate the Bureau's judgment, not challenge the reclassification undertaken by the Trustee.

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010); *see also In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (explaining that *Rooker-Feldman* applies where "the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong").

By way of the instant motion—and various motions in the past—Debtor purports to challenge the NJ Bureau of Securities' proof of claim in her bankruptcy case. The arguments raised in her claim objections, however, attack the validity of the underlying state court judgment. Specifically, she disputes the judgment against her and asks for information from the State to explain the basis for its position in the state court action, as well as evidence regarding the precise transactions and calculations underlying the amount awarded to the Bureau in the state court action. However, it is enough in the context of this bankruptcy for the Bureau to base its proof of claim on the underlying state court judgment—the merits of which were extensively litigated in the state court prior to Debtor's bankruptcy filing. As reported by the Bureau, "[t]he Final Judgment was obtained following a ten-day trial that occurred over twelve years ago, where thirteen witnesses testified, and more than 100 documents were admitted into evidence on behalf of the Bureau. Debtor participated in the trial and was represented by counsel."

Given these circumstances, this Court determines that the factors required for application of the *Rooker-Feldman* doctrine are all present. Prior to the initiation of this bankruptcy proceeding, the parties went to trial and—after hearing evidence—the state court ruled on the merits of the claims, calculated damages, and issued a judgment against the Debtor based on its findings. The Debtor's pleadings in this bankruptcy case challenge the Bureau's proof of claim, which is premised on that state court judgment. Thus, any ruling in the Debtor's favor that reduces or eliminates the proof of claim would necessarily entail a determination that the state court was

wrong and/or would undercut the state court judgment, including its determination of liability and calculation of damages. Accordingly, the *Rooker-Feldman* doctrine applies and precludes relitigation of the state court action in this bankruptcy proceeding. *See, e.g. Schmidt v. SN Servicing Corp.*, No. 22-CV-01313 (SDW), 2023 WL 1860593, at *5 (D.N.J. Feb. 9, 2023) (affirming bankruptcy court's dismissal of debtor's claims challenging the validity of the state court foreclosure proceeding and the subsequent foreclosure judgment).

This Court notes that Debtor makes various allegations of corruption, criminality, and fraud. A district court discussed the "fraud exception" to the *Rooker-Feldman* doctrine:

> Under the fraud exception, which has been embraced by the Courts of Appeal for the Sixth and Ninth Circuits, *Rooker-Feldman* does not apply when the plaintiff asserts that the 'state court judgments were procured by . . . [the defendants through fraud, misrepresentation, or other improper means,' because such claims are "independent" of the claims brought in state court." *Campbell v. Tabas*, No. 16-6513, 2017 WL 3142118, at *3 (E.D. Pa. July 25, 2017) (quoting *McCormick v. Braverman*, 451 F.3d 382, 392-93 (6th Cir. 2006) and citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) ). Yet, "the Second, Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits have rejected the exception, as have district courts from the Fourth Circuit." *Id.* (citing appropriate cases from each of these circuits). "The Court of Appeals for the Third Circuit has not definitively weighed in on this debate, though it has discussed the exception in dicta and in nonprecedential opinions.' " *Id.* (explaining that the Third Circuit discussed the exception "favorably" in *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir. 2010) and applied it "inconsistently" in several unpublished opinions thereafter). Therefore, it is unclear whether this exception exists within the Third Circuit.

*Davis v. Fein Such Kahn & Shepard PC*, No. CV 18-8560, 2019 WL 1789471, at *5 (D.N.J. Apr. 24, 2019).

However, the *Davis* court found that—even assuming the fraud exception to the *Rooker-Feldman* doctrine applies in the Third Circuit—it would "not protect a plaintiff's 'attempt[ ] to overturn a state-court foreclosure judgment by cloaking his objections to the [state-court] decision

in a veneer of fraud.' " *Davis*, 2019 WL 1789471, at *6 (quoting *Kajla v. Cleary*, No. 18-15449, 2019 WL 77067, at *3 (D.N.J. Jan. 2, 2019)). Likewise, this Court finds that—to the extent such an exception exists in the Third Circuit—the *Rooker-Feldman* fraud exception does not protect a debtor's attempt to reduce or eliminate a prima facia valid proof of claim where, as here, the debtor's objections and requests for information are attempts to overturn the state-court judgment cloaked in a veneer of fraud. Debtor in this case simply does not raise any arguments that were not, or could not have been, raised during the state court proceedings. *See Davis* 2019 WL 1789471, at *6 (citing *Kajla*, 2019 WL 77067) ("Moreover, courts are reluctant to recognize the fraud exception when a plaintiff already raised the fraud argument in the state court action and the state court rejected it."); *Kemp v. Select Portfolio, Inc.*, No. CV 18-17215, 2019 WL 3369692, at *4 (D.N.J. July 26, 2019) (assuming the exception's viability in the Third Circuit and nevertheless determining that a plaintiff's objections did not fall within the fraud exception).

Further, to the extent the fraud exception exists in the Third Circuit, case law indicates that it should be narrowly applied. *See, e.g., Siano v. M&T Bank*, Civil Action No. 20-12827, 2021 WL 2682637, at *4 (D.N.J. June 30, 2021), reconsideration denied, Civil Action No. 20-12827, 2022 WL 37419 (D.N.J. Jan. 4, 2022), dismissed, No. 22-1205, 2022 WL 3096021 (3d Cir. Mar. 11, 2022) (citing *Farzan v. Bayview Loan Servicing, LLC*, No. 20-cv-03330, 2021 WL 613843 (D.N.J. Feb. 17, 2021), aff'd sub nom. *In re Farzan*, No. 21-1334, 2021 WL 4075750 (3d Cir. Sept. 8, 2021). Here, Debtor's objections to the Bureau's proof of claim do not fall within the narrow fraud exception to the *Rooker-Feldman* doctrine. In her Motion, Debtor states that she did not agree with "reclassification" of the claim because she disputes the size of the claim based on "mistake," which she explains is "official corruption." *Motion* 4, ECF No. 547. In support of her corruption argument, Debtor attaches portions of a transcript and other documents which she states are

"ultimate evidence of official corruption and criminality." *Id.* As an initial matter, these excerpts and documents pertain entirely to Mr. Brian Smith, Debtor's husband, who is not the Debtor in this case. Additionally, they are taken out of context and do not conclusively establish any sort of mistake, corruption, or criminality—or otherwise form a basis to disregard the *Rooker-Feldman* doctrine. This Court has reviewed Debtor's exhibits and is familiar with Debtor's prior submissions, which similarly do not establish mistake, corruption, or criminality. Simply put, Debtor's disagreement with the state court's determinations or calculations during the state court trial do not bring her claim objections within the narrow exception to the *Rooker-Feldman* doctrine. Rather, it is apparent to this Court that Debtor disputes her underlying liability for the judgment against her and seeks to relitigate the state court action in this bankruptcy case. This conclusion is buttressed by Debtor's second Reply brief (ECF No. 553) and her reference to her "Emergent Motion for the State of NJ to Show Cause" (the "Emergent Motion," ECF No. 219).

By way of relief in the instant Motion, Debtor asks the Court to compel the NJAG to respond to a "newly filed August 18, 2018" motion—referring to her August 2018 Emergent Motion. In that Emergent Motion, Debtor asked the Court to vacate the state judgment against her and to compel the State to provide the names of the individuals who gave money to Debtor and the amounts of their contributions. Additionally, in her second Reply, Debtor reiterates that she wants to compel the Bureau to "document the validity of the size of [her] 'unjust enrichment,' " and she contends that she never "unjustly enriched [herself]." *Second Reply* 2, ECF No. 553. However, those matters—which encompass the underlying issue of whether Debtor benefited from fraud and in what amount—were extensively litigated in the state court action and ultimately resulted in the judgment against the Debtor. What Debtor failed to realize at the time of her August 2018 Emergent Motion—and seemingly now still does not understand—is that this Court is

Page **6** of **8**

without jurisdiction to relitigate or reopen the state court proceeding to address those issues anew. Contrary to Debtor's assertion, she cannot "establish that the size of [the Bureau's] claim needs to be reversed" without altering or overturning the state court judgment. *Second Reply* 2, ECF No. 553. Accordingly, this Court cannot provide the relief Debtor seeks.

In sum, the Bureau's proof of claim in this bankruptcy is based on the state court judgment. Debtor's objections to the Bureau's proof of claim challenge both the claim's calculation and underlying validity—matters that were determined by the state court after a comprehensive trial and after Debtor exercised her appellate and related rights—all of which were unsuccessful. This Court is without jurisdiction to revisit those issues.[2]

---

[2] Debtor's arguments are multi-faceted and at times hard to follow. Therefore, the Court provides two alternate bases for its conclusions. To the extent Debtor bases her objections to the Bureau's proof of claim on facts that occurred prior to the entry of the state court judgment or on defenses and arguments that were not presented in the state court litigation, this Court is precluded from reconsideration based on the doctrine of res judicata. *See, e.g. In re Razzi*, 533 B.R. 469, 478 (Bankr. E.D. Pa. 2015) (stating that objections to a proof of claim (supported by a pre-petition state court judgment) that are "based on facts that occurred prior to the entry of judgment and defenses that were, or could have been raised, in the state court litigation . . . are governed by res judicata, not *Rooker–Feldman*"); *see also In re Thomas*, 626 B.R. 793, 803 n.8 (Bankr. E.D. Pa. 2021). The elements of res judicata under New Jersey law are satisfied here. *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (explaining that res judicata bars claims that were, or could have been, brought where: (1) a final judgment on the merits was entered in a prior suit; (2) involving the same parties or their privies; (3) and the subsequent action is based on the same cause of action) (citations omitted). Alternatively, the doctrine of collateral estoppel bars relitigation of any issue that was actually decided in the state court action. *Tarus v. Borough of Pine Hill,* 189 N.J. 497, 916 A.2d 1036, 1050 (2007) (explaining that collateral estoppel "bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action"). Here, some of the issues raised are identical to those actually litigated and decided in the prior proceeding, resulted in a final judgment on the merits, and the determination as to the Debtor's liability and the extent of damages were essential to the state court judgment. *See In re Mullarkey*, 536 F.3d at 225 (citing *Twp. of Middletown v. Simon*, 193 N.J. 228, 937 A.2d 949, 954 (2008) and explaining the circumstances under which collateral estoppel applies).

### III. Conclusion

For the reasons discussed, the Court DENIES Debtor's Motion for Reconsideration. The Court will enter an Order consistent with this Opinion.

Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

Cc:    Filed on CM/ECF